UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL NO. 5:11-CR-59-R

ANDREW GRIFFIN            DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) (B) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, Andrew Griffin, and his attorney, Donald E. Thomas., have agreed upon the following:

1.    Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 21, United States Code, Sections 841(a)(1) and 846.

2.    Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.    Defendant will enter a voluntary plea of guilty to Counts 1 and 2 in this case. Defendant will not contest forfeiture of any interest he may have in one 2001 BMW model X5 sport utility vehicle bearing vehicle identification number WBAFB33591LH21270. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

**Counts 1 &2**

On July 16 2011, Andrew **Griffin** and Howard **Garland** conspired to possess and possessed over 50 grams of methamphetamine intending to distribute it. **Griffin** and **Garland** possessed the methamphetamine inside **Garland's** BMW sport utility vehicle after obtaining the drugs in Atlanta, Georgia. KSP located the vehicle in Trigg County upon return to Kentucky and initiated a traffic stop. During the subsequent search of the vehicle, police located 119.8 grams of actual methamphetamine next to where Griffin was seated. Police also located 55.9 grams of actual methamphetamine on **Garland's** person. Griffin provided a post-Miranda statement. **Griffin** initially denied knowledge of the trip's purpose, but soon changed his story. **Griffin** admitted that he had accompanied **Garland** on several occasions to pick up drugs in Atlanta. Laboratory analysis revealed that a total of 175.7 grams of actual methamphetamine was present in the vehicle.

4.  Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 10 years a combined maximum term of imprisonment of life, a combined maximum fine of $30,000,000 supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.  Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6.  Defendant understands that by pleading guilty, he surrenders certain rights set

forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A.    If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to

the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200 to the United States District Court Clerk's Office **by** the date of sentencing.

10. At the time of sentencing, the United States will

> -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.
>
> -recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]
>
> -recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

this case, and in their best judgment and belief, conclude as follows:

      A.      The Applicable Offense Level should be determined at sentencing.

      B.      The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

      C.      The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 or otherwise. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

13. Defendant agrees to waive any double jeopardy challenges that defendant may have

5

to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should defendant commit any of those offenses during the cooperation phase of this Agreement. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

*/s/ [signature]*
for Robert B. Bonar
Assistant U.S. Attorney

3/22/2012
Date

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

*[signature]*
Andrew Griffin
Defendant

3/22/2012
Date

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

*[signature]*
Donald E. Thomas
Counsel for Defendant

3-22-12
Date

DJH:RBB